Joshua L. Hedlund
BOP Register # 98166-111
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

**FILED**

JAN 25 2011

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joshua L. Hedlund, <br><br> Debtor(s). | Case No. 09-57539 <br><br> Chapter 7 |
| Joshua L. Hedlund, <br><br> Plaintiff(s), <br><br> vs. <br><br> John E. Fetzer & Placer Foreclosure <br><br> Defendant(s). | Adversary No. <br><br> **COMPLAINT FOR RECOVERY OF PROPERTY PURSUANT TO 11 U.S.C. §§ 548 AND 549 WILLFUL VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362** |

Plaintiff JOSHUA L. HEDLUND, acting Pro Se in this matter before the Court, (hereinafter "Plaintiff"), represents and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This adversary proceeding is related to the above-captioned bankruptcy case entitled <u>In re Joshua L. Hedlund</u>, Chapter 7 Case # 09-57539 ASW, Nothern District of California, San Jose Division.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

### BACKGROUND AND PARTIES

4. A voluntary petition under Chapter 11 of the Bankruptcy Code was filed for

- 1 -

Plaintiff and debtor Joshua L. Hedlund on or about September 4, 2009. The case was converted to chapter 7 on or about March 12, 2010.

5. John W. Richardson (hereinafter "Trustee") is the chapter 7 trustee in this case. Charles Maher is the attorney for the Trustee.

6. John E. Fetzer is a lender with a secured lien against 1777 Sprowell Creek Road, Garberville, California. Placer Foreclosure is the foreclosure company that is employed by John E. Fetzer to foreclose upon 1777 Sprowell Creek ("Property").

7. Plaintiff is informed and believes that soon after March 12, 2010 the Trustee instructed all Humboldt County Title companies to not insure the Property without Bankruptcy Court approval.

8. H & H Capital Management, LLC is a California Limited Liability company that Plaintiff has a partnership interest in. H & H Capital Management, LLC held title to the Property until November 18, 2010. (hereinafter "H & H").

9. On or about July 16, 2010 Trustee filed a Motion for Substantive Consolidation in an attempt to consolidate the assets of the entities which were related to Plaintiff into this bankruptcy case, including the assets of H & H.

10. On or about August 5, 2010 Trustee was informed by the Plaintiff that he had the ability to sell or refinance the Property but that he was prohibited by Trustee.

11. On or about August 19, 2010 Plaintiff filed an Opposition to the Motion for Substantive Consolidation.

12. On or about August 26, 2010 Plaintiff asked the Court to allow the refinance or sale of the Property. The Court ordered that this was not to occur until the Motion for Substantive Consolidation was heard.

13. On or about October 27, 2010 the Court determined that there was substantial equity in the Property. John E. Fetzer and Placer Foreclosure were restrained from continuing with the foreclosure proceedings against the Property effective through November 29, 2010. This was regarding Adversary Proceeding No. 10-5116.

- 2 -

14. On or about November 16, 2010 Plaintiff received a Notice of Dismissal of Adversary Proceeding No. 10-5116. This Notice was electronically filed November 11, 2010. The dismissal was without prejudice to actions the Debtor may take.

15. On or about November 16, 2010 Plaintiff was informed that the Property was scheduled to be foreclosed upon on November 19, 2010.

16. On or about November 18, 2010 Plaintiff was granted Fee Simple title to the Property from H & H. This transfer was through a partnership distribution from H & H for pre-petition business Plaintiff conducted for H & H.

17. On or about November 18, 2010 Plaintiff received the Property because of actions taken by the Debtor/Plaintiff during prebankruptcy.

18. Plaintiff is informed and believes, and thereon alleges, that he had equitable title of the Property for the duration of the bankruptcy case and before.

19. On or about November 18, 2010 Plaintiff amended Bankruptcy Schedules A and D to reflect his ownership of the Property.

20. On or about November 18, 2010 Plaintiff informed Trustee of the Amended Schedules and that Fee Simple legal Title had been conveyed by H & H to Plaintiff.

21. On or about November 18, 2010 Plainitff is informed and believes that John E. Fetzer and Placer Foreclosure were informed of the conveyance of the Property to Plaintiff and the amended Bankruptcy Schedules.

22. Plaintiff is informed and believes, and thereon alleges, that John E. Fetzer and Placer Foreclosure willfully violated the automatic stay of bankruptcy and foreclosed upon the Property on or about November 19, 2010.

23. On or about November 22, 2010 Trustee dismissed the Motion for Substantive Consolidation.

24. On or about December 7, 2010 Plaintiff was informed that the Property had been foreclosed upon and that legal title had been transferred to John E. Fetzer.

25. On or about December 7, 2010 Plaintiff informed Trustee of foreclosure sale.

26. Plaintiff is informed and believes, and thereon alleges, that to date Trustee has improperly failed to bring an action regarding the Property and appears to have abandoned the Property to Debtor, in detriment to Unsecured and Secured Creditors.

27. Plaintiff is informed and believes, and thereon alleges, that the reasonable business judgement requires pursuing a claim against John E. Fetzer and Placer Foreclosure to protect the interest of Debtor, Unsecured Creditors, and Secured Creditors in this bankruptcy case.

### FIRST CLAIM FOR RELIEF
### Fraudulent Transfers Pursuant to 11 U.S.C. § 548

28. Plaintiff incorporates each and every allegation contained in paragraph 1 through 27 inclusive, as if fully set forth herein.

29. Plaintiff is informed and believes that the foreclosure sale of the Property failed to comply with all governing state laws.

30. Plaintiff is informed and believes and on that basis alleges that the Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers.

31. The Fraudulent Transfers can be avoided pursuant to 11 U.S.C § 548

### SECOND CLAIM FOR RELIEF
### Post Petition Transfer not Authorized by Court
### in Violation of 11 U.S.C. § 549

32. Plaintiff incorporates each and every allegation contained in paragraph 1 through 31 inclusive, as if fully set forth herein.

33. Plaintiff is informed and believes that Defendants John E. Fetzer and Placer Foreclosure were not authorized by the Court to transfer the Property at the foreclosure sale.

34. Plaintiff is informed and believes that Defendants John E. Fetzer and Placer Foreclosure conducted the foreclosure sale in violation of the automatic stay.

35. The Post Petition Transfer is voidable under 11 U.S.C. § 549

- 4 -

### THIRD CLAIM FOR RELIEF
### To Recover Avoided Transfers Against Defendants
### For the Benefit of the Estate under 11 U.S.C. § 550

36. Plaintiff incorporates each and every allegation contained in paragraph 1 through 35 inclusive, as if fully set forth herein.

37. The Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 548, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550

38. The Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 549, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550

### FOURTH CLAIM FOR RELIEF
### Willful Violation of Automatic Stay under 11 U.S.C.§362

39. Plaintiff incorporates each and every allegation contained in paragraph 1 through 38 inclusive, as if fully set forth herein.

40. Plaintiff is informed and believes that Defendants John E. Fetzer and Placer Foreclosure action which violated automatic stay were intentional. That they acted deliberately and with knowledge of the amended schedules of the bankruptcy petition and that the foreclosure sale was intentional misconduct and was a willful violation of the automatic stay under 11 U.S.C. § 362

### PRAYER

WHEREFORE, Plaintiff prays for the following relief:

1. That the foreclosure sale of the Property be voided; and
2. That Fee Simple Title be transferred back to the Plaintiff; and
3. An award of actual damages, costs incurred, and attorney fees; and
4. Such other and further relief as this Court may deem necessary and proper.

Dated: January 18, 2011              JOSHUA L. HEDLUND,
                                     Debtor

                                     By: /s/ Joshua L. Hedlund
                                     Joshua L. Hedlund
                                     Pro Se

Joshua L. Hedlund
BOP Register #98166-111
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN, 55072

Pro Se

FILED
JAN 25 2011
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re                                    ) Case No. 09-57539-ASW
                                         )
JOSHUA L. HEDLUND                        ) Chapter 7
                                         )
        Debtor.                          )
                                         )
                                         )
_____)

## CERTIFICATE OF SERVICE

I, the undersigned, state that I am a citizen of the United States, that I am over the age of eighteen (18) years and not a party to the within action; that my address is Federal Correctional Institution, P.O. Box 1000, Sandstone, Minnesota, that on the date set out below, I served a copy of the attached document:

Adversary Proceeding Cover Sheet: 11 U.S.C. §§§§ 548,549,550,362
Complaint for Recovery of Property & Willful Violation of Automatic Stay

upon each party listed below with a mailing address by placing such a copy, enclosed in a sealed envelope, with prepaid postage thereon, in the United States mail at Sandstone, Minnesota, addressed to each party with a mailing address listed below.

Clerk of the United States Bankruptcy Court
280 South First Street Room 3035
San Jose, California 95113

United States Trustee
280 South First Street #268
San Jose, California 95113

Charles P. Maher
LUCE, FORWARD, HAMILTON & SCRIPPS, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105

Placer Foreclosure
12190 Herdal Drive #9
Auburn, CA 95603

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sandstone, Minnesota on January 18, 2011.

By: _____
    Donald Roth

Fred Kaiser Attorney at Law
865 University Ave
Sacramento, CA 95825